**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REZA FARZAN,<br><br>                Plaintiff,<br><br>     v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>                Defendant. | Civil Action No. 23-1234 (MAS) |
| REZA FARZAN,<br><br>                Plaintiff,<br><br>     v.<br><br>BAYVIEW LOAN SERVICING LLC,<br><br>                Defendant. | Civil Action No. 23-2424 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Plaintiff Reza Farzan's ("Plaintiff") Motions for Recusal (the "Motions"). (*See* Docket No. 23-1234, ECF No. 4; Docket No. 23-2424, ECF No. 2.) The Motions are unopposed. The Court has carefully considered Plaintiff's submissions and decides the Motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Motions are denied.

I.  **BACKGROUND**

The facts underlying this matter have been summarized at length in prior Opinions of the United States Bankruptcy Court for the District of New Jersey ("USBC"), this Court, and the Third Circuit. (*See* May 27, 2020 Bankruptcy Op. ["Bankr. Op."] 3, Docket No. 19-29256, ECF No. 54[1]; Jan. 4, 2023 Mem. Op. ["Mem. Op."] 2, Docket No. 19-705, ECF No. 51; *Farzan v. J.P. Morgan Chase Bank, N.A.*, No. 19-3925, 2022 WL 17336211, at *2 (3d Cir. Nov. 30, 2022).) The Court, therefore, only recites the facts that are necessary to resolve the pending recusal motions.

On or about February 14, 2005, Plaintiff executed a note, secured by a mortgage with American Mortgage Network, Inc. ("AMN"), on a property located at 23 Twin Terrace in Holmdel, New Jersey. (*Farzan*, 2022 WL 17336211, at *1; Bankr. Op. 3.) In 2009, Mortgage Electronic Systems, Inc., a nominee of AMN, assigned the note to Chase Home Finance LLC ("Chase"), who then assigned the mortgage to Bayview Loan Servicing, LLC ("Bayview") in 2014. (Bankr. Op. 3.) In July 2015, Plaintiff and Bayview entered into a modification agreement to modify the terms of his loan. (*Id.*) Plaintiff defaulted on the loan in 2015, and Bayview initiated a foreclosure proceeding in May 2016 in the Superior Court of New Jersey, Monmouth County, Chancery Division. (Mem. Op. 2; Bankr. Op. 3.)

The foreclosure action was heavily contested. (Bankr. Op. 3.) In response to the foreclosure complaint, Plaintiff filed a host of affirmative defenses and counterclaims, primarily arguing that "the chain of assignment was fraudulent" because Bayview did not own or control the mortgage note and that Plaintiff never agreed to the modification (*Id.*) Bayview later moved for summary judgment, and the state court granted summary judgment in favor of Bayview in May 2017. (*Id.*

---

[1] Docket entries from the underlying bankruptcy case, *In re Farzan*, No. 19-29256 (Bankr. D.N.J.), are designated as "Bankr. ECF No."

(citing *Farzan*, 2022 WL 17336211, at *2); *see also Bayview Loan Servicing LLC v. Farzan*, 720 F. App'x 678 (3d Cir. 2018). The state court accordingly determined that Bayview was entitled to foreclose and possess the subject property. *See Bayview*, 720 F. App'x at 678.

Then, over the course of several years, Plaintiff filed various complaints, appeals, dismissal motions, removal motions, and motions to stay, none of which have been successful to date. Of note, Plaintiff filed a voluntary Chapter 13 bankruptcy petition on October 10, 2019. (Bankr. Op. 5.) The Chapter 13 bankruptcy matter, like his other cases, is hotly contested and subject to an extensive procedural history, including various motions, USBC orders, and appeals to this Court and the Third Circuit. (*See, e.g.*, Docket No. 20-3330, ECF Nos. 13-14, 18-19; Docket No. 22-3312, ECF No. 25.)

Presently before the Court are Plaintiff's Motions for Recusal[2] which are filed in connection with two bankruptcy appeals that are pending before the Undersigned.[3] In each case, Plaintiff's moving papers are the same; namely, he contends that the Undersigned must recuse

---

[2] The Court notes that Plaintiff filed a Motion for Recusal in a separate action, *Farzan v. Cleary* (the "Cleary Action"). (Cleary Action, Docket No. 19-705, ECF No. 63.) There, Plaintiff filed a Complaint against various state court judges, the New Jersey Attorney General, the Office of Foreclosure, the Superior Court Clerk, and the County Clerk, alleging civil rights violations. (*Id.* at 22.) On January 4, 2023, this Court dismissed Plaintiff's Amended Complaint with prejudice. (*See* Cleary Action, ECF Nos. 51-52.) The Court later denied Plaintiff's Motion for Reconsideration and Motion for Leave to File an Amended Complaint. (Cleary Action, ECF No. 58.) Notably, Plaintiff filed a Notice of Appeal of the Court's Orders, and this appeal is pending. (Cleary Action, ECF No. 59.) Plaintiff has not shown that the Court has jurisdiction to grant recusal during the pendency of his appeal. The Court, therefore, finds that it lacks jurisdiction to grant recusal and the Motion shall be denied on this basis alone.

[3] Specifically, Plaintiff filed an appeal to this Court of the USBC's Orders denying his motion for reconsideration and seeking "multiple reliefs." (Bankr. ECF No. 176; *see* Docket No. 23-1234, ECF No. 1.) Plaintiff also appealed the USBC's dismissal of a separate adversarial action that he filed against Bayview and Nationstar Mortgage, LLC ("Nationstar"). (*See Farzan v. Bayview Servicing LLC*, Docket No. 23-1021, ECF No. 1.) The merits of the bankruptcy appeals are not addressed herein. The within Memorandum Opinion and Order is limited only to Plaintiff's recusal motions.

himself from this case due to alleged financial and personal ties to the financial institutions involved in his mortgage proceedings. (Pl.'s Moving Br. ¶¶ 36-37, Docket No. 23-1234, ECF No. 4-1; Pl.'s Moving Br. ¶¶ 36-37, Docket No. 23-2424, ECF No. 2-1.[4]) Plaintiff also contends that recusal is warranted based on the Undersigned's prior employment with the New Jersey Attorney General's Office. (Pl.'s Moving Brs. ¶ 35.) For the reasons that follow, Plaintiff's Motions are denied.

## II. **LEGAL STANDARD**

In considering a motion for recusal, district courts are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. *See United States v. Nobel*, 696 F.2d 231, 235 n.7 (3d Cir. 1982) (describing the two statutes as "overlapping provisions" that provide the grounds for disqualification). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"The mere filing of an affidavit of bias pursuant to 28 U.S.C. [§] 144 does not require a trial judge to disqualify himself from a particular case." *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976), *abrogated on other grounds by Griffin v. United States*, 502 U.S. 46, 57 n.2 (1991) (citing

---

[4] Plaintiff filed identical moving briefs: Docket No. 23-1234, ECF No. 4-1; Docket No. 23-2424, ECF No. 2-1; and Docket No. 19-705, ECF No. 63-1. These briefs will hereinafter collectively be referred to as "Pl.'s Moving Brs."

4

*Behr v. Mine Safety Appliances Co.*, 233 F.2d 371, 372 (3d Cir. 1956)). "Indeed, if the affidavit submitted is legally insufficient to compel his disqualification," a judge "need only recuse himself if he determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable man that he harbored a personal, as opposed to a judicial, bias against the movant." *Id.* (citing *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)).

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party." § 455(b)(1).

> Because [28 U.S.C.] § 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to 'a reasonable person, with knowledge of all the facts.'

*United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008). "A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *Id.* (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)).

### III. DISCUSSION

As mentioned above, Plaintiff raises three general arguments for recusal: (1) "[i]n 2019 and 2020 [the Undersigned] worked as a counsel for th[e] NJ Attorney General [and] [a]t the time the NJ Attorney General was a defendant in [the Cleary Action]"; (2) the Undersigned's wife formerly held a senior executive position at KPMG, which is "highly related" with Bank of America, an institution implicated in the alleged fraud; and (3) the Undersigned has investment accounts with Chase, another financial institution involved in his cases. (Pl.'s Moving Brs. ¶¶ 35-37.)

First, to ensure that motions for recusal are not being used purely to avoid adverse outcomes, 28 U.S.C. § 144 requires recusal motions to be "timely." § 144. "[A] party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal." *Lease v. Fishel*, 712 F. Supp. 2d 359, 373 (M.D. Pa. 2010); *see Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."). Rather, "[s]ubsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible." *Lease*, 712 F. Supp. 2d at 373 (citing *Blanche Rd. Corp. v. Bensalem Twp.*, 57 F.3d 253 (3d Cir. 1995), *abrogated on other grounds by United Artists Theatre Cir., Inc. v. Warrington*, 316 F.3d 392 (3d Cir. 2003)).

Here, the Court notes that Plaintiff has not filed an affidavit comporting with 28 U.S.C. § 144,[5] and thus Plaintiff's Motions must be denied. Even if the Court were to consider that Plaintiff's submissions constitute a proper affidavit, Plaintiff's submissions are not timely.[6] *See id.* While this serves as sufficient grounds to deny Plaintiff's motions, the Court will briefly address the substantive arguments presented.

---

[5] Specifically, Plaintiff's Motion fails to comport with 28 U.S.C. § 144 in that the accompanying affidavit fails to adequately "state the facts and the reasons for the belief that bias or prejudice exists."

[6] Notably, the Undersigned has presided over the Cleary Action since November 2020. (Cleary Action, ECF No. 35.) Instead of seeking recusal, Plaintiff actively sought relief from the Court. (Cleary Action, ECF Nos. 12, 21-22, 39, 55.) These recusal motions were filed only *after* the Undersigned granted Defendants' Motion to Dismiss the Amended Complaint (Cleary Action, ECF Nos. 51-52) and denied Plaintiff's Motion for Reconsideration. (Cleary Action, ECF No. 58.) Plaintiff's untimely submission in light of unfavorable rulings demonstrates that Plaintiff's recusal motions merely arise out of his dissatisfaction with the Court's rulings. For this reason, Plaintiff's Motions must be denied.

Turning to his first argument, Plaintiff contends there is a conflict based on the Undersigned's prior position with the New Jersey Attorney General considering that the New Jersey Attorney General was a Defendant in the Cleary Action. (*Id.* ¶ 35.) Plaintiff's belief, however, that the Undersigned was employed by the New Jersey Attorney General's Office in 2019 and 2020, is factually inaccurate. Rather, the Undersigned worked for the New Jersey Attorney General from 2003 to 2007. *See Biographical Directory of Federal Judges: Shipp, Michael Andre*, FEDERAL JUDICIAL CENTER, (last visited Nov. ___, 2023), https://www.fjc.gov/history/judges/shipp-michael-andre). Considering that approximately sixteen years have elapsed since the Undersigned served in this position, such employment cannot reasonably be deemed to impair the Undersigned's ability to rule impartially in this matter and is far too attenuated to present a conflict here. *See, e.g., Jaye v. Oak Knoll Vill. Condo. Owners Ass'n*, No. 15-8324, 2016 WL 6471027, at *3 (D.N.J. Oct. 31, 2016) (rejecting a plaintiff's motion for recusal on the same grounds).[7] Plaintiff's argument for recusal on this basis is therefore denied.

Second, Plaintiff asserts the Undersigned must be recused due to certain financial ties to the banks that are involved in his mortgage proceedings. (Pl.'s Moving Brs. ¶ 36.) Plaintiff notes that the Undersigned's wife was formerly employed by KPMG, an accounting firm that he contends is affiliated with Bank of America. (*Id.*) Bank of America is allegedly one of the "six major national mortgage servicers" that are involved in Plaintiff's cases. (*Id.* ¶ 25.) So too here, the alleged financial interests are far too remote to warrant recusal. *See, e.g., In re Merrill Lynch & Co., Inc.*, 305 F. Supp. 2d 323, 326 (S.D.N.Y. 2004) (requiring recusal based on remote financial interests "would paint with too broad a stroke" and creating "the administratively daunting task of

---

[7] Moreover, Plaintiff's claims against the New Jersey Attorney General's Office have been dismissed with prejudice. (Cleary Action, ECF No. 52.) As such, the New Jersey Attorney General's Office is not connected in any way to Plaintiff's bankruptcy appeals.

identifying such tangential 'interests' outweighs any benefit of eliminating the remote possibility of consequential bias." (quoting *In re Kansas Pub. Emp. Ret. Sys.*, 85 F.3d 1353, 1362 (8th Cir. 1996))). The mere fact that the Undersigned's wife previously worked at KPMG, an institution that Plaintiff speculates is affiliated with a non-party, Bank of America, is insufficient grounds for recusal and is far too attenuated to present a conflict. *See Farina v. Bank of N.Y.*, No. 15-3395, 2023 WL 5627118, at *5 n.1 (D.N.J. Aug. 30, 2023) (denying a recusal motion on the same grounds); *see also In re Onishi*, 856 F. App'x 426, 427 (3d Cir. 2021) (finding that claims that are "speculative and conclusory[] do not warrant recusal."); *Brown v. United States*, 823 F. App'x 97, 103-04 (3d Cir. 2020) ("[A] judge's recusal is not required on the basis of 'unsupported' or 'highly tenuous speculation.'" (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981))); *In re Burnett*, 740 F. App'x 235, 236 (3d Cir. 2018) ("[R]ecusal is not required on the grounds of 'unsupported, irrational, or highly tenuous speculation.'" (quoting *In re United States*, 666 F.2d at 694)).

Finally, Plaintiff contends that the Undersigned must be disqualified under 28 U.S.C. § 455 because the Undersigned may invest with certain financial companies, such as Chase. (Pl.'s Moving Brs. ¶ 37.) Plaintiff says that this presents a "major conflict of interest" based on Chase's involvement in the foreclosure proceedings. (*Id.*) The Court disagrees. Even if the Undersigned holds a checking, savings, credit card, or investment account with Chase—in other words, if the Undersigned is a customer of Chase—this does not amount to owning "a legal or equitable interest, however small" in Chase, which is how § 455 defines the type of financial interest requiring recusal. § 455; *see also Rader v. ING Groep NV*, 497 F. App'x 171, 175 (3d Cir. 2012) (rejecting the argument that recusal is required based on the definition of financial interest in § 455(d)(4) where a judge holds an online savings account with an institution that is a party); *Delta Air Lines,*

8

*Inc. v. Sasser*, 127 F.3d 1296, 1297-98 (11th Cir. 1997) (analyzing § 455(d)(4) practically and noting that a general consumer interest that is unlikely to be affected by the outcome of a case did not necessitate recusal).[8] As a result, this type of financial interest does not warrant **recusal**. "Nor does holding such an account create a basis for a reasonable, knowledgeable observer to question the assigned judge's **impartiality**." *Rader v. ING Bank, fsb*, No. 09-340, 2011 WL 4571780, at *7 (D. Del. Sept. 30, 2011), *aff'd sub nom.*, *Rader v. ING Groep NV*, 497 F. App'x 171, 175 (3d Cir. 2012). Moreover, even if this was grounds for recusal—which it is not—there is no clear conflict considering that Chase is not a party to the subject actions before the Undersigned. **Plaintiff's** third argument for recusal is therefore also denied.

## IV.   CONCLUSION

For the reasons stated above, the Court denies **Plaintiff's** Motions. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[8] Indeed, the Committee on Codes of Conduct stated in Advisory Opinion No. 106 that ownership of a savings account "does not give the account . . . holder an equity ownership interest in the bank" and that investment in a mutual fund "does not give rise to an ownership interest in the company managing the fund or providing it with investment advice." *2 Guide to Judiciary Policy Ch. 2: Published Advisory Opinions*, U.S. COURTS 204 (Feb. 2019), https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02_0.pdf.