**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REZA FARZAN,<br><br>     Appellant,<br><br>     v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>     Appellee. | Civil Action No. 23-1234 (MAS) |
| REZA FARZAN,<br><br>     Appellant,<br><br>     v.<br><br>BAYVIEW LOAN SERVICING LLC,<br><br>     Appellee. | Civil Action No. 23-2424 (MAS)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court upon Appellant Reza Farzan's ("Farzan") Notices of Appeal and applications to proceed *in forma pauperis* in the above-captioned cases. (No. 23-1234, ECF Nos. 14, 15; No. 23-2424, ECF Nos. 12, 13.) Farzan seeks to appeal the Court's Memorandum Order dated January 24, 2024, which (1) affirmed two orders of the United States Bankruptcy Court for the District of New Jersey; (2) denied Farzan's Motion to Proceed on

Original Records as moot; and (3) denied Farzan's Motions for Reconsideration and to Stay Proceedings.¹ (*See* No. 23-1234, ECF No. 13; No. 23-2424, ECF No. 11.)

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 states, in relevant part:

> [A]ny court of the United States may authorize the commencement . . . of [an] appeal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a). Applications to appeal without the prepayment of fees are reviewed, in the first instance, by the District Court, and "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(c); *see also Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

Here, while Farzan has provided an affidavit regarding an inability to pay the applicable fees, Farzan's application and Notices of Appeal do not contain a statement regarding the nature or basis of the appeal. While the Court gives Farzan every benefit of the doubt as a pro se litigant, without any statement as to the basis of the appeal, the Court cannot grant the application. Courts have, in similar circumstances, denied *in forma pauperis* applications where the applicant did not provide a basis for the appeal. *See, e.g.*, *Christian v. Christian*, No. 14-5899 (D.N.J. 2014); *see also United States v. Frost*, 344 F. Supp. 2d 206, 208 (D. Me. 2004) ("Although the [d]efendant's [a]ffidavit confirms he is indigent, there is nothing to inform the Court what 'substantial question' would be presented on appeal, other than a general statement

---

¹ Because the issues raised in Farzan's bankruptcy appeals and his motions for reconsideration were largely identical, the Court's analysis in the January 24, 2024 Memorandum Order, filed on both dockets, was the same. (*See generally* No. 23-1234, ECF No. 13; No. 23-2424, ECF No. 11.)

that he believes he is 'entitled to redress.'"); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1019 (C.D. Cal. 1979) (denying application where it failed to state nature of the action, failed to state belief in entitlement to redress, and was not notarized); *United States v. Martin*, No. 03-360, 2009 WL 1444275, at *2 (M.D. Pa. 2009) (declining to "divine the nature of the case" where defendant "has given the Court no indication of the nature of the issues"). As a result, the Court cannot conclude that Farzan's appeals are taken in good faith and denies his applications for leave to appeal *in forma pauperis*. Accordingly,

**IT IS**, on this 20th day of May 2024, **ORDERED** as follows:

1. Farzan's applications to proceed *in forma pauperis* (No. 23-1234, ECF No. 15; No. 23-2424, ECF No. 13) for the purposes of appeal, are hereby **DENIED** without prejudice.

2. Farzan shall have thirty (30) days from the issuance of this Memorandum Order to file the appropriate affidavits.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**